UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 8:25-cv-01713-SSS-AJR | Date | August 15, 2025 |
|---|---|---|---|
| Title | *Islam Dzhatdoev v. Kristi Noem et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE [DKT. 5]

Before the Court is Petitioner's ex parte application for a Temporary Restraining Order ("TRO") filed on August 6, 2025. [Dkt. 5]. The Government filed an Opposition to the TRO on August 7, 2025, and Petitioner submitted a Reply on August 11, 2025. [Dkt. 7, Opposition or "Opp."; Dkt. 9, "Reply"]. Upon the Court's Order, the Government submitted supplemental documentation *in camera* regarding the basis for Petitioner's arrest. [Dkt. 11]. For the following reasons, the Court **DENIES** Petitioner's TRO.

I.   BACKGROUND

Petitioner Islam Dzhatdoev and his family are Russian foreign nationals who presented themselves immigration authorities at the southern border back in October of 2023. [Dkt. 5-1 at 4, Application or "App"]. They were granted parole into the United States pursuant to 8 U.S.C. § 1182(d)(5), which expired on or about October 23, 2024. [*Id.*; Opp. at 3]. In October 2024, Immigration and Customs

Enforcement ("ICE") detained Petitioner's wife at an ICE check-in, leaving Petitioner a single parent to their three-year-old daughter. [App. at 3–4].

Petitioner's wife remains detained despite being granted asylum in March of 2025, while Petitioner has attended immigration court hearings and complied with terms of his Order of Supervision from ICE as well as monitoring requirements through the Intensive Supervision Appearance Program ("ISAP"). [*Id.*]

According to the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, Petitioner and his child are in removal proceedings pursuant to Section 240 of the Immigration and Nationality Act ("INA"). [Dkt. 1 at 4]. The two originally had a consolidated case scheduled for a hearing before the non-detained Santa Ana immigration court in February 2026, though it now appears that their cases have been severed due to their detention and separation. [*Id.*; App. at 2]. The two were separated after their arrest in late July, the subject of this Application. Petitioner is currently detained at the Adelanto Detention Facility in Adelanto, California. [App. at 2].

Petitioner files this TRO in connection with his recent detention and arrest by ICE in Irvine, California. [App. at 2]. According to Petitioner, around 8:00 PM on July 29, 2025, he opened the door to his home after hearing knocks. [App. at 3; Dkt. 5-4 at 3]. Upon opening the door, Petitioner was dragged out of his home by ICE officers who refused to show Petitioner a warrant nor provide an explanation as to his arrest when asked for an explanation. [App. at 3].

After their arrest, Petitioner and his daughter were transported to Texas by ICE, and then later returned to California. [*Id.*]. Upon returning Petitioner and his child to California, ICE separated the two without Petitioner's consent or any advance warning. [*Id.*].

On August 2, 2025, Petitioner filed a Petition for Writ of Habeas Corpus and a Complaint for Declaratory and Injunctive Relief, seeking an Order to release Petitioner from custody, to reunite him with his child, and to prevent his removal from this judicial district or the United States pending the disposition of his petition for writ of habeas corpus. [*See generally* Dkt. 1]. Four days later, Petitioner filed this Application for a Temporary Restraining Order. [*See generally* App.]. Petitioner believes his detention and subsequent arrest violate his Fourth Amendment right against unreasonable seizure, his Fifth Amendment due process rights, and the Administrative Procedure Act. [*Id.* at 2–3, 6–7].

In this Application, Petitioner specifically requests a TRO ordering his immediate release from ICE custody without an ankle monitor and enjoining the Department of Homeland Security ("DHS") from transferring him outside of this judicial district. [App. at 9].

Respondents contest the nature of Petitioner's arrest as detailed in their opposition. [*See generally* Opp.]. Specifically, the Government states that after Petitioner's release, the United States Customs and Border Protection received materials about Petitioner, including an arrest warrant for Petitioner signed by the United States Border Patrol. [Opp. at 3; Dkt. 7-2 at 2–3]. These materials directed officers to arrest Petitioner for reasons related to terrorism. [*Id.*]. The arrest warrant indicates that an immigration officer served Petitioner with the warrant on July 29, 2025, and read the contents of the arrest warrant to him in English. [Dkt. 7-3, "Arrest Warrant"].

Furthermore, Respondents' Opposition clarifies that Petitioner and his daughter were originally transported to a Texas family residential facility so they could remain together. [Opp. at 3]. However, because Petitioner's file contained an alert, the Texas facility rejected their residence, causing ICE to make the decision to sever their removal cases. [*Id.*]. After severing their cases, ICE transferred Petitioner to Adelanto Detention Facility and took his daughter to a foster family agency in California. [*Id.*].

## II.   LEGAL STANDARD

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a

result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).[1]

For the Court to grant an application for a TRO, the moving party must show: (1) that he is "likely to succeed on the merits" of his underlying claim, (2) that he is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in his favor," and (4) that the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). Under the sliding scale approach, a petitioner is entitled to a TRO if he has raised "serious questions going to the merits ... and the balance of hardships tips sharply in [his] favor." *All. for the Wild Rockies*, 632 F.3d at 1131 (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).

### III.   DISCUSSION

Petitioner requests the TRO because his arrest was unlawful, and because continued detention constitutes ongoing deprivation of his constitutional rights. [App. at 8]. In requesting a TRO, Petitioner asserts his detention is an unreasonable seizure under the Fourth Amendment, that he was deprived of liberty without due process of law in violation of the Fifth Amendment Due Process Clause, and that his arrest and detention violate the Administrative Procedure Act

---

[1] Ordinarily, the "circumstances justifying the issuance of an ex parte [temporary restraining] order are extremely limited." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). To be entitled to an ex parte temporary restraining order, Plaintiffs must set out "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. Pro. 65(b)(1)(A). However, because Petitioner has provided Respondents with notice of this ex parte filing, and Respondents have filed an Opposition, the Court will proceed.

(APA) due to the aforementioned constitutional violations. [*See also* Reply at 12–13].

Respondents argue that this Court should deny the TRO because Petitioner cannot meet the elements required for a TRO. The Opposition correctly observes that Petitioner primarily argues that the Government lacked probable cause or a warrant for his arrest. [Opp. at 3]. The Government, however, has presented an arrest warrant for the Petitioner, which was issued on June 27, 2025, and executed on July 29, 2025. [*See* Arrest Warrant].

8 U.S.C. § 1226(b) permits the Attorney General to revoke bond or parole authorized to individuals like Petitioner. *See* 8 U.S.C. § 1226. The Board of Immigration Appeals ("BIA") has recognized that DHS's authority does have an important limit. Re-detaining Petitioner is not permitted "absent a change of circumstance." *Panosyan v. Mayorkas*, 854 F. App'x 787, 787 (9th Cir. 2021) (citing *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981)).

Here, the Government has provided affidavits confirming that the DHS received new information about Petitioner that raised concerns relating to terrorism. [Opp. at 6; Dkt. 7-2]. This information, which indicates Petitioner's involvement in terrorism, underlies the basis for issuing the arrest warrant against Petitioner, despite previously being granted parole. [*Id.*] The information raising concerns relating to terrorism post-date the Petitioner was granted parole, reflecting a material change in circumstances since his original release.

Although Petitioner is correct that Respondents' ability to re-detain Petition is constrained by the limits of due process, the affidavits supporting Defendant's Opposition clarifies that the intelligence packet including the arrest warrant contained reasons for re-arrest as communicated within ICE and DHS as recently as July 29, 2025. [Dkt. 7-2 at 2]. Based upon the information the Court has received from the Government *in camera*, there exists sufficient evidence to show that Petitioner was arrested by officers pursuant to a lawfully issued arrest warrant. The Government was legally permitted to arrest and detain Petitioner pursuant to 8 U.S.C. § 1226(b).

Petitioner has not shown a likelihood of success on the merits or demonstrate a serious question going to the merits. Absent that showing, Petitioner fails to show he is entitled to a TRO.

## IV.  CONCLUSION

Because Petitioner has not met his burden for the TRO, Petitioner's Application is **DENIED**.[2]

    **IT IS SO ORDERED**.

---

[2] The Court reminds Petitioner of the importance of articulating the ex parte standard in any future application at the risk of denial.  *See* C.D. Cal. R. 7-19.

Page 6 of 6          CIVIL MINUTES—GENERAL     Initials of Deputy Clerk iv