**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISLAM DZHATDOEV,<br><br>           Petitioner,<br><br>    v.<br><br>MARKWAYNE MULLIN,[1] ET AL.,<br><br>        Respondents. | Case No. 8:25-cv-01713-SSS-AJR<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Verified First Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (the "First Amended Petition"), all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge (the "R&R"). The Court has also reviewed Respondents' Objections and conducted a *de novo* review of those portions of the R&R to which Respondents objected.

The Report recommends that Petitioner be granted an immigration bond hearing during which any evidence Respondents intend to rely upon at the hearing be disclosed to

---

[1] Markwayne Mullin was sworn in as the Secretary of the Department of Homeland Security ("DHS") on March 24, 2026, and is therefore substituted as a named respondent pursuant to Federal Rule of Civil Procedure 25(d).

Petitioner in advance.  [Dkt. 66].  Respondents' objections to the Report do not merit a different outcome.

Respondents object that the Court lacks jurisdiction to review Petitioner's claims.  [Dkt. 68 at 11-13].  The Court agrees with the Report that Respondents' expansive interpretation of 8 U.S.C. § 1252 "'would lead to staggering results' and render prolonged detention cases unreviewable." [Dkt. 66 at 7 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018), and collecting other cases).]

Respondents object that Petitioner's arrest and detention comply with due process.  [Dkt. 68 at 13-26].  The Court agrees with the Report that Petitioner is not entitled to release based on his unlawful arrest claims, because Petitioner was arrested pursuant to a warrant supported by probable cause.  [Dkt. 66 at 10-11].

Respondents object that Petitioner is not entitled to a post-arrest bond hearing.  [Dkt. 68 at 18-26].  The Court agrees with the Report that Petitioner is entitled to a post-arrest bond hearing.  [Dkt. 66 at 11-15].  Petitioner has been in custody since July 29, 2025, and "many courts have found similar and shorter periods of time in custody to require a bond hearing." *Id*. at 13 (citing cases).  Moreover, "Petitioner appears to be entitled to a bond hearing under the *Rodriguez* class action." [Dkt. 66 at 14 (citing *Rodriguez v. Holder*, 2013 WL 5229795, at *1 (C.D. Cal. Aug. 6, 2013), and subsequent case developments).]  Although Respondents point out that Petitioner was granted a *Rodriguez* bond hearing but then withdrew from the hearing [Dkt. 68 at 20], it is evident that Petitioner withdrew because he was not allowed to review two volumes of exhibits on which the Government intended to rely at the hearing.  [Dkt. 60 at 2].

Respondents object that they should not be required to disclose evidence in advance of any bond hearing.  [Dkt. 68 at 26-27].  The Court agrees with the Report that "fundamental fairness demands that Respondents disclose to Petitioner any evidence they want to rely upon at this hearing." [Dkt. 66 at 15 (citing cases).]

Having conducted a *de novo* review, Respondents' Objections do not cause the Court to alter or modify the R&R.  Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that the Petition is GRANTED.  Respondents shall release Petitioner from custody unless they provide a bond hearing within fourteen (14) days at which the Government bears the burden of proof by clear and convincing evidence to show that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  Any evidence Respondents intend to rely upon at the hearing must be disclosed to Petitioner in compliance with both regulatory and due process requirements no later than seven (7) days before the hearing.  Respondents must file a notice of compliance explaining how they complied with this Order no later than three (3) days after the bond hearing.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at the current address of record, as well as all Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  April 30, 2026 _____

HON. SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE